'Federal Court'

at

'District Court of the United States For middle Tennessee'

FILED
2016 AUG 12 PM 12:13
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | | |
|---|---|---|
| I: a man; *Prosecutor* | ) ) ) ) ) | Nature of case: claim<br>Claim: trespass [forgery] |
| _____<br>City of Franklin [at] Tennessee<br>Kenneth Gibbs [agent]<br>Christopher K. Vernon et al:<br>    Wrongdoers(s) | )<br>)<br>)<br>)<br>)<br>---x | (verified) |

I, require: a 'court of record': 'trial by jury';

Claim: trespass [forgery, extortion, false report]

I: a man claim:

The said wrongdoers(s) trespass upon my property;

The causal agent of the trespass, comes by way of its use of a forged instrument,

The trespass did and does harm and injury to my property;

The commencement of the wrong and harm began on February 16, 2015;

The wrong and harm continues until this date 08-12-2016 2016;

I, require compensation for the initial and continual trespass upon my property;

Compensation due: Three-hundred and ninety-one million, five –hundred and fifty thousand dollars;

I, say here, and will verify in open court, that all herein be true.

Mail:
4020 Margo Circle
LaVergne Tennessee
[37086]

Date: 08-12-2016 , 2016

I: A man is homeless and will pick up the information provided by the Clerk of Court of District Court at the above address

Case 3:16-cv-02165 Document 1 Filed 08/12/16 Page 1 of 2 PageID #: 1

Courts of Record
And the Common Law in State Constitutions and State Statutes Last Updated on 04/02/2008

Black's Law Dictionary, 4th Ed., 425, 426 COMMON LAW ACTIONS are such as will lie, on the particular facts, at common law, without the aid of a statute. - Black's Law Dictionary 5th Edition

## COURT OF RECORD

A "court of record" is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689.

## CLASSIFICATION

Courts may be classified and divided according to several methods, the following being the more usual:

COURTS OF RECORD and COURTS NOT OF RECORD. The former being those whose acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony, and which have power to fine or imprison for contempt. Error lies to their judgments, and they generally possess a seal. Courts not of record are those of inferior dignity, which have no power to fine or imprison, and in which the proceedings are not enrolled or recorded. 3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.

"Inferior courts" are those whose jurisdiction is limited and special and whose proceedings are not according to the course of the common law." Ex Parte Kearny, 55 Cal. 212; Smith v. Andrews, 6 Cal. 652

"The only inherent difference ordinarily recognized between superior and inferior courts is that there is a presumption in favor of the validity of the judgments of the former, none in favor of those of the latter, and that a superior court may be shown not to have had power to render a particular judgment by reference to its record. Ex parte Kearny, 55 Cal. 212. Note, however, that in California 'superior court' is the name of a particular court. But when a court acts by virtue of a special statute conferring jurisdiction in a certain class of cases, it is a court of inferior or limited jurisdiction for the time being, no matter what its ordinary status may be. Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barrett, 5 Cal. 195" 7 Cal. Jur. 579

"The judgment of a court of record whose jurisdiction is final, is as conclusive on all the world as the judgment of this court would be. It is as conclusive on this court as it is on other courts. It puts an end to inquiry concerning the fact, by deciding it." Ex parte Watkins, 3 Pet., at 202-203. [cited by SCHNECKLOTH v. BUSTAMONTE, 412 U.S. 218, 255 (1973)]